(No. 4708—)

ANTHONY MECCIA, ADMINISTRATOR OF THE ESTATE OF BENJAMIN MECCIA, Deceased, Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed November 12, 1957.*

S. M. DEL PRINCIPE, Attorney for Claimant.

LATHAM CASTLE, Attorney General; RICHARD F. SIMAN, Assistant Attorney General, for Respondent.

FEARER, J.

A wrongful death action has been filed in this Court by Anthony Meccia, Administrator of the Estate of Benjamin Meccia, deceased. The death of plaintiff's intestate occurred on December 20, 1955 in the Cook County Hospital to which he had been admitted on December 18, 1955.

The record consists of the following:

1. Complaint.
2. Departmental Report.
3. Transcript of evidence.
4. Joint exhibit No. 1.
5. Claimant's exhibits Nos. 1, 2, 3 and 4.
6. Respondent's exhibit No. 1.
7. Notice to the Attorney General of claimant's intention to file motion for an extension of time in which to file abstract, brief and argument.
8. Motion of claimant for an extension of time to May 12, 1957 in which to file abstract, brief and argument.
9. Order of the Chief Justice granting the motion of claimant for an extension of time to May 13, 1957 in which to file abstract, brief and argument.
10. Order of the Chief Justice amending the previous order of the Court, and granting claimant an extension of time to and including June 13, 1957 in which to file abstract, brief and argument.
11. Stipulation relative to previous order of the Court.
12. Motion of claimant for a further extension of time to and including July 13, 1957 in which to file abstract, brief and argument.

13. Notice and proof of service of a copy of the motion of claimant on the office of the Attorney General.
14. Stipulation relative to motion of claimant.
15. Order of the Chief Justice granting the motion of claimant for a further extension of time to and including July 13, 1957 in which to file abstract, brief and argument.
16. Abstract of evidence.
17. Brief and argument of claimant.
18. Brief and argument of respondent.
19. Proof of service of a copy of the motion of respondent on counsel for claimant.
20. Commissioner's Report.

From the evidence, we find that Benjamin Meccia was born on August 21, 1907. He was committed to the Dixon State School, Dixon, Illinois, as an epileptic by the County Court of Cook County, date of admission being July 28, 1929. He continued as a patient in the institution until his death in the Cook County Hospital on December 20, 1955.

It appears from the records and testimony produced that Benjamin Meccia was subject to severe convulsions, which could be partially controlled by anti-convulsive medication. On his admission, he had an I. Q. of 53. He was an inmate of the institution for about 25 years, during which period of time he had many severe convulsions. The frequency of his convulsions decreased from 1944 to 1953; however, his mental deterioration became more evident during those years. In 1954 he had 30 grand mal convulsions, and in 1955 he had 23.

As has been stated, during the period of time he was in the institution, he deteriorated both mentally and physically. His I. Q. decreased from 53 in 1929 to 15 in 1953.

During the patient's few years, the records indicate that he sustained several minor and trivial injuries when he fell during seizures, or while fighting with other pa-

tients. Those incidents were contributed to his epileptic status.

Mary Senese, a sister of the decedent, on December 18, 1955, requested the authorities at the institution to allow her to take him home for the Christmas holidays. This request was granted, and before leaving the institution a release was signed by her. Before leaving the institution, and while in the waiting room, plaintiff's intestate became ill. He was placed on a bench, and given a cursory examination by two doctors, both of whom were of the opinion that the patient had an epileptic convulsion. As his condition appeared to have improved, he was permitted to leave the hospital in the company of his sister.

His sister testified that, when he was brought into the office of the Administration Building by another patient, he did not appear to be in good physical condition. It appears from the evidence that, at the time, the weather outside was cold, and it was snowing; that he was dressed warmly, and was given an overcoat by one of the attendants to wear home. Mrs. Senese later that morning took the patient to the local bus station where she changed his shirt in the lobby of the station. One of the witnesses for claimant testified that at that time she observed a nasty bruise or red spot on his left arm. The patient, in the company of his sister, then went by bus to the City of Chicago. Upon arriving in Chicago he did not appear to be in good condition, and was taken by taxi to Cook County Hospital, where he died two days later.

According to the death certificate, which was admitted in evidence, by stipulation, the cause of death was "bronchopneumonia". Two photographs taken at the funeral parlor were admitted in evidence. The one, particularly of his left arm, indicates that there was some-

thing wrong with it. The Cook County Hospital records indicate that the patient had "bronchopneumonia, cellulitis of the arm, mental deficiency, and idiopathy, severe".

Some twelve charges of negligence against respondent's agents were set forth in the complaint, some of which are repetitious. However, they can be summed up in that claimant is charging respondent's agents with negligence in failing to exercise reasonable care in protecting Benjamin Meccia considering his mental and physical condition, and that they did not provide him with proper treatment while in the lobby of said Administration Building.

From the evidence offered by claimant, and the briefs filed herein, claimant is predicating his case upon the fact that the physicians in charge of the Dixon State School did not exercise reasonable and proper care in administering to Benjamin Meccia while he was in the lobby of said building in a post-epileptic state, and that said physicians should not have permitted him to leave the school, and that, as a result of said negligence, Benjamin Meccia died.

Claimant did not offer any medical testimony in attempting to show a causal connection, and establish by a preponderance of the evidence that the alleged acts of negligence contributed to and caused the death of Benjamin Meccia.

The entire case is predicated upon conjecture and surmise. Great stress is laid upon the marks on the left arm of decedent. This is described in the hospital records as cellulitis of the arm, which is an inflammation of the cellular structure; and, further, it appears to be a thermal burn, second degree in nature. The only direct evidence

produced as to the cause of death, was the death certificate and the hospital records.

The record is deplete of any evidence of mistreatment or negligence on behalf of respondent's agents, which could be considered a factor in the cause of death being diagnosed as bronchopneumonia.

Before there could be a recovery in this case, claimant would have to prove by a preponderance or greater weight of the evidence that it was the negligence of the agents of respondent, which was the proximate cause of the death of Benjamin Meccia; and, that there was some causal connection between the negligent actions and the cause of death, which has not been proven.

Claimant's attorney, in his brief, cites the case of *Straus Nat. Bank & Trust Co.* vs. *Marcus*, 274 Ill. App. 597, "being a case where pneumonia was held to be the proximate cause of the death of plaintiff's intestate". However, in the case cited, as distinguished from the present case, a hypothetical question was propounded to a medical expert establishing a causal relationship between the accident and the subsequent condition of ill-being and death. This, claimant's counsel did not do in the present case.

We are of the opinion, and predicate this decision upon the fact that claimant did not establish by a preponderance or greater weight of the evidence any actions of negligence of respondent's agents, which were the proximate cause of Benjamin Meccia's death, and that there was no causal connection between the acts of negligence charged, and the diagnosis of the cause of death of this patient.

We are, therefore, denying any award to claimant for the alleged wrongful death of Benjamin Meccia.